IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADAM BARTLING,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )
                                        )   Case No. 15-3251
JAMES HEIMGARTNER, et al.,              )
                                        )
            Respondents.                )
_____)

# MEMORANDUM AND ORDER

Adam Bartling, a prisoner in a state correctional facility in Kansas, filed a Petition for Relief From a Conviction or Sentence By a Person in State Custody (Doc. 1.) Petitioner was convicted in state court of aggravated indecent liberties with a child. He seeks a writ pursuant to 28 U.S.C. § 2254. Specifically, petitioner requests federal relief on the following grounds: (1) ineffective assistance of both trial and appellate counsel; (2) the trial court erred when it denied petitioner's motion for discovery requesting the victim's psychological reports; (3) the trial court should have allowed evidence of the victim's prior allegations of sexual assault for impeachment and confrontation; (4) the trial court violated petitioner's right to prepare a defense; (5) prosecutorial misconduct during closing argument; (6) insufficient evidence; and (7) cumulative error. The court has reviewed the record and petitioner's arguments, and finds that habeas relief is not warranted. For the following reasons, the petition is denied.

## I.    Standard of Review

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act. *Lott v. Trammell*, 705 F.3d 1167, 1172 (10th Cir. 2013). The Act permits a court to grant a

writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes the state court's factual findings are correct. *Id.* § 2254(e)(1).

**II.    Background**

Petitioner, then 26 years old, developed a relationship with the victim, a 15-year-old female. For approximately one month, the victim met with petitioner on several occasions without her parents' knowledge. While petitioner claimed that the relationship was merely platonic, the victim indicated that the two were having sexual intercourse and oral sex. The state charged petitioner with seven counts of aggravated indecent liberties with a child and two counts of criminal sodomy. The jury acquitted petitioner of all charges except for one count of aggravated indecent liberties that occurred in petitioner's bedroom on April 11 or 12, 2003, when two other people were in another room of petitioner's apartment.

**III.    Discussion**

   **A. Ineffective Assistance of Counsel**

In evaluating petitioner's claims that his counsel provided ineffective assistance, the appropriate standard is that identified in *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and

"recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

There is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry if the petitioner makes an insufficient showing on one.  If it is easier to dispose of an ineffectiveness claim based on a lack of prejudice, then that course should be followed. *Id.* at 697.

### i. *Psychological Evaluation*

Petitioner claims that trial counsel was ineffective when he failed to properly pursue a psychological evaluation of the victim as well as obtain a written ruling from the trial court on the matter.  Petitioner also alleges that appellate counsel was ineffective for failing to obtain a written ruling and designate it for the appellate record.  Petitioner acknowledges that when the trial court ordered the records to be produced for in camera inspection, it tentatively ruled that it would deny the motion unless something eye-opening was revealed during its review.

Trial counsel moved for a psychological evaluation of the victim and requested that the results be provided to the defense.  Trial counsel argued in favor of his motion at a hearing before the trial court.  Respondents note that the trial court never issued a formal ruling on petitioner's motion, but refers to the trial court's tentative ruling denying it.  Respondents argue that the state court's rulings that trial counsel's efforts were not deficient, and that petitioner could not show a different outcome had a written order been in the record, were not unreasonable applications of the *Strickland* standards.

While petitioner did not properly raise his claim against trial counsel for failing to preserve the record, the Kansas Court of Appeals addressed the merits of each of petitioner's arguments in its January 30, 2015 Memorandum Opinion. *Bartling v. State*, No. 109659, 2015 WL 569344, *5 (Kan. Ct. App. Jan. 30, 2015). Thus, this court limits its review to whether the appellate court unreasonably applied *Strickland* or whether its factual determination was unreasonable in light of the evidence presented.

In its opinion, the Kansas Court of Appeals referenced Kansas law, but properly set forth the same *Strickland* standards cited above. *Bartling*, 2015 WL 569344 at *3. It identified petitioner's allegations of ineffective assistance of counsel, and rejected petitioner's claims. *Id.* at *4–5. The appellate court considered trial counsel's actions in filing the motion and arguing for a psychological evaluation. *Id.* at *4. It noted that there was no further action for trial counsel to perform, except perhaps file a motion requesting the trial court to make a definitive ruling. *Id.* The appellate court found that such a motion would not have swayed the trial court to decide one way or another. *Id.* It further found that petitioner did not show that attaching a written ruling of the trial court's decision would have altered the appellate court's prior rulings on direct appeal, or its characterization of petitioner's attempt for an evaluation as a "fishing expedition." *Id.* at *5. Ultimately, the Kansas Court of Appeals held that petitioner could not show that trial counsel or appellate counsel was ineffective. *Id.* at *4–5.

Because the state court reasonably applied clearly established federal law to the facts before it. 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to relief on these claims.

### ii. Prior False Accusations

Petitioner also alleges that trial counsel conducted an inadequate investigation and was ineffective when he failed to present evidence of the victim's prior false accusations of sexual assault.

Petitioner claims that appellate counsel was ineffective when he failed to attach a copy of the police report to the appellate record on direct appeal as well as cite proper legal authority. Petitioner attached a copy of the police report to his petition, and indicates that it was obtained nine years after his conviction. He argues that before now, the state courts have only been able to speculate about what the report might have detailed as well as how it might have affected his case.

In the state appeal from petitioner's Kan. Stat. Ann. § 60-1507 motion, the police report was added to the appellate record and reviewed by the Kansas Court of Appeals. *Bartling*, 2015 WL 569344 at *5. The appellate court rejected petitioner's argument that it had previously speculated about the report's contents because there were two transcripts in the record in which trial counsel extensively discussed the contents of the police report and provided argument in support of its admissibility. *Id.* at *7. On direct appeal, the state court recognized that two different law enforcement officers testified inconsistently about the veracity of the victim's statement, and the prosecutor consistently argued that the prior case was dropped because the victim was uncooperative. *State v. Bartling*, No. 92,106, 2005 WL 345524, *3 (Kan. Ct. App. Dec. 16, 2005). Specifically, one police officer reported the victim was uncooperative, while another police officer supplemented the report concluding that the victim's statement lacked credibility. *Id.* at *8. The state court further found that petitioner could not show trial and appellate counsels' failures to attach the police report to the record would not have changed the outcome of petitioner's appeal. *Bartling*, 2015 WL 569344 at *7–8. The appellate court was aware of the police report's contents and applied applicable case law even though it was not cited by appellate counsel. *Id.* at *8.

As stated above, this court limits its review to whether the state court unreasonably applied *Strickland*, or whether its factual determination was unreasonable in light of the evidence presented. The court has reviewed the police reports attached by petitioner and they are consistent with the state

court's factual findings.  The state court rulings were reasonable as petitioner cannot show the outcome of his direct appeal would have been different had appellate counsel included the police report in the record and cited applicable Kansas law.

### iii. Key Witness

Petitioner claims that trial counsel was ineffective when he failed to investigate and subpoena Mr. Nick McDow as a defense witness.  Petitioner proffers Mr. McDow would have supported his defense by testifying that he saw petitioner and the victim talking in the bedroom doorway a couple of times, and also that the crime could not have happened because both petitioner and the victim were never out of sight.  Petitioner argues that Mr. McDow's testimony corroborated his own testimony and would have had an impact on the jury's verdict.

The Kansas Court of Appeals focused on Mr. McDow's testimony from speaking with trial counsel and his investigator, and it determined that trial counsel investigated the matter and may have made a strategic decision not to call Mr. McDow. *Bartling*, 2015 WL 569344 at *8–9.  In fact, the state court found that Mr. McDow's testimony contradicted petitioner's testimony. *Id.*  Consequently, the appellate court found that petitioner could not show prejudice because petitioner testified at trial that he did go into the bedroom with the victim. *Id.* at *10.

Once again, the state court applied the correct legal standards and its factual determinations were not unreasonable.  Petitioner is not entitled to habeas relief.

## B. Trial Court Error

### i. Psychological Evaluation

Petitioner claims that the trial court violated petitioner's due process rights when it denied his motion for discovery regarding the victim's psychological counseling and evaluation.  Petitioner

argues that the trial court's failure to rule on his motion, and withholding favorable evidence, denied petitioner his right to present a complete defense under the Sixth and Fourteenth Amendments.

Respondents claim that the Kansas Court of Appeals disposed of petitioner's claim on direct appeal based on state grounds, independent of the federal issue raised on appeal. Respondents argue that petitioner has procedurally defaulted; and further, petitioner fails to show cause and actual prejudice or that the court should consider his claim to prevent a miscarriage of justice.

On direct appeal, petitioner argued that he was denied exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Bartling*, 2005 WL 345524 at *1. The Kansas Court of Appeals stated petitioner's argument was misdirected, and further that petitioner did not provide the correct standard of review. *Id*. The appellate record did not contain the trial court's ruling on the motion for a psychological evaluation. *Id.* at *2. The state court referred to the transcript and acknowledged that the trial court was taking the matter under advisement. *Id.* However, the appellate court did not know what factors the trial court relied on, and it could not declare that the trial court abused its discretion. *Id.* The Kansas Court of Appeals cited Kansas law and stated "it must presume the trial court's action to be proper." *Id.*

"A federal court may not review a habeas claim by a state prisoner if the state court's decision rests on a state law ground that is independent of the federal question and adequate to support it." *Barber v. McKune*, No. 13-3040-SAC, 2014 WL 2604283, *6 (D. Kan. June 11, 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)). The adequacy requirement is met if the state rule is firmly established, regularly followed, and applied to all similar claims in an evenhanded manner in the majority of cases. *Messer v. Roberts*, 74 F.3d 1009, 1015 (10th Cir. 1996) (citations omitted). "Under well-established Kansas law, an appellant has the burden of providing a record which affirmatively shows a prejudicial error occurred, and in the absence of a sufficient record, the

-7-

appellate courts must presume the actions of the lower courts were proper." *Barber*, 2014 WL 2604283 at *7 (citing *State v. Moncla*, 936 P.2d 727, 736 (Kan. 1997)) (also finding this rule to be firmly established and regularly followed in Kansas). Accordingly, this claim is procedurally barred from habeas review.

Nonetheless, this court may review a procedurally defaulted claim if petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, or petitioner demonstrates that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. Petitioner argues his ineffective assistance of trial and appellate counsel allegations constitute cause, and that he was prejudiced. But the court has already found that petitioner failed to show prejudice under *Strickland*. *See id.* ("To show prejudice, petitioner must show that he suffered 'actual prejudice as a result of the alleged violation of federal law.'").

The fundamental miscarriage of justice exception only applies in "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *Gilbert v. Scott*, 941 F.2d 1065, 1067–68 (10th Cir. 1991) (quoting *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). To make a credible showing of actual innocence, a "petitioner must 'support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To warrant relief, the court must find that "it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Id.*

Although petitioner claims that he is innocent of the crime of conviction, he fails to present new reliable evidence sufficient to meet this extraordinary standard. *See House v. Bell*, 547 U.S. 518, 538 (2006) ("repeating that the *Schlup* standard is demanding and permits review only in the

-8-

'extraordinary' case[]"). Petitioner fails to meet the miscarriage of justice exception to overcome procedural default.

### ii. *Exclusion of Prior Sexual Assault Accusation*

Petitioner argues that the trial court violated his due process right to present a defense when it excluded evidence of the victim's prior accusation of sexual assault. As noted above, petitioner alleges that this accusation was false, and he would have used this evidence to discredit the victim's testimony at trial. He further claims that he was denied his Sixth Amendment right to confront witnesses against him.

Petitioner raised this issue on direct appeal; however, the Kansas Court of Appeals noted that he did not raise this issue before the trial court. *Bartling*, 2005 WL 345524 at *2. The state court reviewed the record and explained that evidence of the prior rape allegation was deemed inadmissible by the trial court under Kansas rape shield and evidence statutes. *Id.* The state court also referenced the general rule that it does not review constitutional grounds for the first time on appeal, and highlighted petitioner's failure to argue an exception to the general rule. *Id.* at *3.

Although the police report was not provided to the Kansas Court of Appeals on direct appeal, it reviewed the record and applicable state law, and stated that it felt comfortable determining that reversal was not mandated. *Id.* at *3. Specifically, the state court cited *State v. Barber*, 766 P.2d 1288, 1290 (1989), which found that under certain circumstances a defendant may put on evidence of prior false accusations based on a defendant's constitutional right to cross examine. *Bartling*, 2005 WL 345524 at *3. However, prior accusations are admissible only after the trial court has made a threshold determination that a reasonable probability of falsity exists. *Id.*

The appellate court then referred to the record showing that three trial judges had made rulings touching on various aspects on the matter. *Id.* at *2. The appellate court stated that no trial judge had made a definitive determination of whether there was a reasonable probability that the victim's prior accusation was false. *Id.* at *3. Furthermore, the state court recognized that two different law enforcement officers testified inconsistently about the veracity of the victim's statement, and the prosecutor consistently argued that the prior case was dropped because the victim was uncooperative. *Id.* The Kansas Court of Appeals declined assessing the credibility of two law enforcement officers—a function it does not do—and affirmed the trial court's exclusion of this evidence because petitioner had not met his burden of showing the falsehood of the prior accusations. *Id.*

This court's review is limited; "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). This includes state-law questions about the admissibility of evidence. *See Moore v. Marr*, 254 F.3d 1235, 1246 (10th Cir. 2001). The court "may not interfere with state evidentiary rulings unless the rulings in question rendered 'the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.'" *Id.* (quoting *Tucker v. Makowski*, 883 F.2d 877, 881 (10th Cir. 1989)). Petitioner has not shown that the excluded evidence was critical to his defense or rendered his trial fundamentally unfair. In fact, the jury acquitted petitioner on eight charges even without this evidence. Without such a showing, this court cannot conclude that exclusion of the evidence violated petitioner's due process rights.

To the extent that the state court characterized petitioner's claim as a confrontation clause issue, petitioner is likewise entitled to no relief. "A defendant, however, does not have an unlimited right to cross-examination, and the trial court retains 'wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among

-10-

other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Dalton v. Dinwiddie*, 273 F. App'x 724, 726 (10th Cir. 2008) (quoting *Del. v. Van Arsdall*, 475 U.S. 673, 679 (1986). The state court's application of Sixth Amendment jurisprudence was not unreasonable.

Alternatively, the Kansas Court of Appeals found that petitioner could not meet the constitutional harmless error standard announced in *State v. Hebert*, 82 P.3d 470, 496 (Kan. 2004), which applied Kan. Stat. Ann. § 60–261, and also the federal constitution error rule. *Bartling*, 2005 WL 345524 at *4. The appellate court acknowledged that petitioner wanted to use the alleged prior false accusation to impeach the victim's testimony. *Id.* But the state court held "that the exclusion of the evidence of the prior sexual abuse accusation 'had little, if any, likelihood of having changed the result of the trial.'" *Id.* (quoting *Hebert*, 82 P.3d at 496).

Here, considering harmless error in a habeas proceeding, the court applies the standard set out in *Kotteakos v. United States*, 328 U.S. 750, 776 (1946). Relief is granted when the constitutional error had substantial and injurious effect or influence on the jury's verdict. *Herrera v. Lemaster*, 301 F.3d 1192, 1197 (10th Cir. 2002). Because the Kansas Court of Appeals did not apply the correct standard, this court reviews the argument de novo. *See id.*

Considering the record as a whole (assuming the exclusion was error), the court concludes that petitioner's right to a fair trial was not substantially impaired. The trial court's exclusion of the prior accusation was not significant because the jury acquitted petitioner on all but one of the charges; an indication that it did not find the victim to be credible even without the prior accusation. *See Darks v. Mullin*, 327 F.3d 1001, 1019 (10th Cir. 2003) (citing *Alvarez v. Boyd*, 225 F.3d 820, 824 (7th Cir. 2000) ( "[C]ourts must be careful not to magnify the significance of errors which had little importance.")). Petitioner's single conviction stemmed from the incident where the victim's friend

-11-

was present in the apartment at the time the alleged sex acts occurred and corroborated the victim's story on this account. There is not a reasonable probability that the jury would have acquitted petitioner on this additional count in the absence of the error. *See Hooper v. Mullin*, 314 F.3d 1162, 1178 (10th Cir. 2002). The court finds no basis for habeas corpus relief on this claim.

### *iii. Amendment of the Complaint*

On the first day of trial, the prosecutor amended the complaint by changing the dates of some of the offenses to coordinate with the victim's recollection of a swim meet. Petitioner objected and argued that the amendment impaired his defense because he had an alibi for those dates. Petitioner alleges that the trial court violated his right to a fair trial under the Sixth and Fourteenth Amendments by allowing the late amendment. Petitioner also claims violations of Kansas law, but habeas relief is only available for violations of federal rights. *See Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002).

On direct appeal, petitioner challenged the amendment of the complaint. *Bartling*, 2005 WL 345524 at *4. The Kansas Court of Appeals acknowledged that changing the occurrence dates of a complaint could prejudice an alibi defense, but stated that the witnesses—and even petitioner himself—testified they were all in his apartment the weekend of the swim meet. *Id.* at *5. The state court referred to petitioner's defense for that particular occasion, and stated that he denied sexual intercourse—as opposed to testifying that he was somewhere else. *Id.* Accordingly, the appellate court found no reversible prejudice. *Id.*

A defendant must have adequate notice of the nature and cause of the charges against him under the Sixth Amendment. *See Kordelski v. Jordan*, 111 F. App'x 557, 564 (10th Cir. 2004) (involving challenge to amended information under section 2254) (citing *Johnson v. Gibson*, 169 F.3d 1239, 1252 (10th Cir. 1999)); *see also Dorsey v. McKune*, 553 F. Supp. 2d 1287, 1297 (D. Kan. 2008).

Here, the prosecution amended the complaint (altering the charged dates from April 4 and 5, 2013, to April 11 and 12, 2013) to conform to the victim's testimony about the swim meet at the preliminary hearing. As the Kansas Court of Appeals noted in rejecting his claim, petitioner was aware of the facts surrounding the charges against him. *Bartling*, 2005 WL 345524 at *5. Moreover, petitioner testified that he was with the victim the night before the swim meet. *Id.* The court agrees with the state court that petitioner has not shown he lacked adequate notice of the charge or that the amendment prejudiced his defense presented at trial. *See id.* Petitioner has not established a constitutional violation relating to the amendment of his complaint.

### iv. Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct during closing argument when she questioned petitioner's veracity. Specifically, petitioner claims that the prosecutor's reference to his story as "baloney" was similar to calling him a liar in front of the jury, and further denied him a fair trial.

The Kansas Court of Appeals highlighted the fact that the prosecutor used the word "baloney" during her rebuttal to the defense's closing argument. *Bartling*, 2005 WL 3455424 at *5. It found that the prosecutor's use of the word "baloney" was not referring to petitioner as a liar; but instead, emphasized that petitioner's attempt to positively spin the evidence was not supported by the facts. *Id.* at *6. The state court further held that "inconceivable" was a more appropriate synonym for "baloney" in the context used, and found that "[t]he prosecutor was not out-of-bounds in arguing that Bartling's characterization of the evidence was inconceivable." *Id.*

In evaluating a claim of prosecutorial misconduct, the court determines "whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted). The

-13-

prosecutor's statement is not viewed in isolation, but in light of the entire trial.  *Green v. Miller*, 483 U.S. 756, 765–66 (1987).  The court reviews the record and considers whether "the strength of the evidence against the petitioner and any cautionary steps—such as instruction to the jury—offered by the court to counteract improper remarks."  *Trammell v. Cline*, No. 5:14-CV-3232-JTM, 2015 WL 5439030, *11 (D. Kan. Sept. 15, 2015).

The court finds that petitioner has failed to meet his high burden here.  Even if the prosecutor's use of the word "baloney" was improper, the fact that the jury acquitted petitioner of all but one of the charges does not support a finding that the prosecutor's statements infected the trial with unfairness.  Petitioner was not denied his right of due process and is not entitled to relief on this claim.

> *v. Sufficiency of the Evidence*

Petitioner claims that the evidence was insufficient to support his conviction.  When evaluating whether evidence was sufficient to support a conviction, "the relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citation omitted) (emphasis in original); *Romano v. Gibson*, 239 F.3d 1156, 1164 (10th Cir. 2001) (citing *Jackson*, 443 U.S. at 319).  The court neither weighs conflicting evidence nor considers the witnesses' credibility.  *Messer*, 74 F.3d at 1013.  And the court is bound to accept the jury's verdict "as long as it is within the bounds of reason."  *Kelly v. Roberts*, 998 F.2d 802, 808 (10th Cir. 1993) (citations omitted).

Where the petitioner challenges the state court's conclusion that the facts support his conviction, the question presented for the federal court is one of law, which is governed by 28 U.S.C. § 2254(d)(1).  *Torres v. Mullin*, 317 F.3d 1145, 1151–52 (10th Cir. 2003). The relevant inquiry is whether the state court's decision was contrary to, or involved an unreasonable application of *Jackson*.

In making this inquiry, the court applies state law regarding the substantive elements of the offense. *Id.* at 1152 (citations omitted).

> Here, the Kansas Court of Appeals held:
>
> The jury found that the State had proved beyond a reasonable doubt that Bartling had sexual intercourse with R.N.A. in the bedroom of his apartment on the weekend of the swim meet. That event differs from the other alleged incidences. R.N.A.'s friend was present in the apartment at the time of the alleged act and provided testimony from which a rational jury could infer that R.N.A.'s claim of sexual intercourse was corroborated. The times and places of the acts giving rise to the counts upon which Bartling was acquitted were not similarly corroborated.
>
> Bartling attempts to discount the corroborating evidence by pointing out that the friend present in the apartment did not personally hear or see the sex act and was not specifically told that the couple had engaged in sexual intercourse. Nevertheless, it is the function of the jury and not an appellate court to weigh evidence and pass on the credibility of the witnesses. *State v. Moore*, 4 P.3d 1141, 1144 (Kan. 2000). The jury could rationally believe the friend's testimony that R.N.A., upon returning from the bedroom with Bartling, had smiled and communicated to her that the couple had been "doing something" in the bedroom and infer that the "something" was sexual intercourse. We find sufficient evidence to support the jury's conviction.

*Bartling*, 2005 WL 3455424 at *6–7.

The court has reviewed the record, including the trial transcript. Upon such review, the court finds that the Kansas Court of Appeals applied the correct standard of review, and that its decision is reasonable and supported by the record. Both petitioner's and the victim's ages were undisputed. *See* Kan. Stat. Ann. § 21-3504(a)(1) (aggravated indecent liberties with a child is sexual intercourse with a child who is 14 or 15 years of age). The decision was not contrary to, and did not involve an unreasonable application of *Jackson*. *See* 28 U.S.C. § 2254(d)(1).

### vi. Cumulative Error

Petitioner argues that the cumulative effect of all of the constitutional errors in his case warrants federal habeas relief. Petitioner raised a similar issue in his direct appeal. *Bartling*, 2005 WL 3455424 at *7. The Kansas Court of Appeals denied petitioner's claim, stating: "our review of the

record convinces us that the totality of circumstances did not substantially prejudice the defendant or deny him a fair trial." *Id.*

"In the federal habeas context, a cumulative-error analysis aggregates all constitutional errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless." *Lott*, 705 F.3d at 1223 (10th Cir. 2013) (quoting *Alverson v. Workman*, 595 F.3d 1142, 1162 (10th Cir. 2010)). The court undertakes a cumulative-error analysis only if there are at least two errors. *Id.* Because the court has not found at least two errors, it will not conduct a cumulative-error analysis.

### C. Petitioner's Traverse

Petitioner alleges two new claims in his traverse. Specifically, petitioner claims that other prisoners are discovering that the state district attorney's office violated both state and federal rights by speaking with jurors outside the courtroom. Petitioner also raises a *Giglio* violation, but argues generally that the disciplinary problems within the Sedgwick County Sheriff Department and District Attorney's office tainted numerous cases. Petitioner did not raise these issues in state court, and they were not a part of his § 2254 motion. As such, petitioner has procedurally defaulted on these issues. *See, e.g.*, *Love v. Roberts*, 259 F. App'x 58, 60 (10th Cir. 2007). Furthermore, petitioner does not state a cause outside his control causing the default or that he personally suffered prejudice. Petitioner also does not argue that a fundamental miscarriage of justice would occur absent review. Thus, petitioner is not entitled to habeas relief.

### IV.   Conclusion

The court concludes that petitioner has not established any instance in which the state proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §

2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Petitioner has not established any federal constitutional violation that the state courts did not address. Accordingly, the court denies the petition for habeas relief, and also finds no need for an evidentiary hearing.

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not met this standard as to any issue presented. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's Petition for Relief From a Conviction or Sentence By a Person in State Custody (Doc. 1) is denied.

**IT IS FURTHER ORDERED** that petitioner's request for appointment of counsel is denied as moot.

Dated this 4th day of April, 2017, at Kansas City, Kansas.

s/ Carlos Murguia\_
**CARLOS MURGUIA**
**United States District Judge**